NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINDA HALL,

        Plaintiff-Appellant,

  v.

TIME, INC. and MEREDITH CORP.,

        Defendants-Appellees.

No.   20-55354

D.C. No. 8:19-cv-01153-CJC-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted May 13, 2021[**]
Pasadena, California

Before:   OWENS and R. NELSON, Circuit Judges, and HELLERSTEIN,[***]
District Judge.

    Plaintiff-Appellant Linda Hall appeals from the judgment and order of the

district court, granting Defendants-Appellees Time, Inc. and Meredith Corp.'s

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

motion to dismiss her amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Her original complaint also had been dismissed with leave to amend. Hall, on behalf of a class, asserted in both her original and amended complaints that Appellees violated California's Automatic Renewal Law, Cal. Bus. & Prof. Code § 17600 *et seq.* ("ARL"), when they automatically renewed her subscription to People Magazine without first obtaining her explicit and "affirmative" consent to the automatic renewal, and by failing to disclose the automatic renewal of her subscription "in a clear and conspicuous manner" and in "visual proximity" to the request for her consent. Cal. Bus. & Prof. Code § 17602(a)(1), (2). We have jurisdiction under 28 U.S.C. § 1291. The facts and procedural history necessary to determine this case are discussed here; otherwise, familiarity is assumed. For the reasons that follow, we affirm.

We review "de novo a district court's order granting a motion to dismiss for failure to state a claim." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021). We may affirm the dismissal "based on any ground supported by the record." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). Because there is no California Supreme Court decision that interprets the relevant ARL provisions, we "must predict how that court would decide" any interpretive issues presented. *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 610 (9th Cir. 2020); *see also Gravquick A/S*

2

*v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003) ("In the absence of a controlling California Supreme Court decision, the panel must predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids.").

First, the district court correctly concluded that the Automatic Renewal Notice appearing on the checkout page satisfies the "clear and conspicuous" and "visual proximity" requirements under Section 17602(a)(1). The ARL provides that "clear and conspicuous" means "[(i)] in larger type than the surrounding text, or [(ii)] in contrasting type, font, or color to the surrounding text of the same size, or [(iii)] set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code § 17601(c). Here, the Automatic Renewal Notice appears in a text box highlighted in yellow, with the bolded label "**Automatic Renewal Notice**" displayed at the top. The only image near the Automatic Renewal Notice is an offer for another magazine subscription, which is predominately in navy-blue. The Automatic Renewal Notice is therefore in "contrasting color" to its surrounding text or "set off from the surrounding text" with highlighting and bolded text, "in a manner that clearly calls attention to the language." *Id*. The "visual proximity" requirement of the ARL requires "visual *proximity*," not immediate *adjacency*, between the "automatic

3

renewal offer terms" and "the request for consent." *Id.* § 17602(a)(1) (emphasis added). The "Submit Order" button is less than forty words and one small image removed from the Automatic Renewal Notice and satisfies the "visual proximity" requirement of Section 17602(a)(1). Hall cites no authority and offers no reasoning for more stringent requirements than those required by the statute's text.

Second, the district court correctly concluded that Hall failed to allege a violation of the ARL's affirmative consent requirement. Section 17602(a)(2) of the ARL makes it unlawful for a business to charge a consumer for automatic renewal "without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms." *Id.* § 17602(a)(2). Hall reads this provision to require a consumer's affirmative consent to the automatic renewal offer terms, separate from and in addition to "the *agreement containing* [such] automatic renewal offer terms." *Id.* (emphasis added). This extra-textual reading of the provision contravenes the Supreme Court's dictum that, "in interpreting a statute[,] a court should always turn first to one, cardinal canon before all others"— "presum[ing] that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992). It also contravenes California's principles of statutory interpretation. *See Jackpot Harvesting Co., Inc. v. Superior Court*, 237 Cal. Rptr. 3d 1, 8 (2018) ("If the language is clear, courts must generally follow its plain meaning unless a literal

interpretation would result in absurd consequences the Legislature did not intend."). Had the legislature intended to require a consumer's affirmative consent to the automatic renewal terms specifically, it could have omitted the words "the agreement containing" from the provision. It did not, and we decline to rewrite the statute and impose a requirement that is absent from the text. *See Preston v. Heckler*, 734 F.2d 1359, 1370 (9th Cir. 1984) ("[W]e possess no power to rewrite legislation." (citation omitted)).

Finally, the district court correctly concluded that Hall failed to allege a violation of the ARL's remaining provisions. Hall contends that the Automatic Renewal Notice did not include the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in violation of Section 17602(a)(3), and a later reminder of renewal in the form of a postcard notice could not cure these defects. Hall also asserts that the postcard notice is not "clear and conspicuous" in violation of Section 17602(d). Contrary to Hall's claims, the ARL explicitly permits a later reminder of renewal to replace the original notice for purposes of satisfying Section 17602(a)(3). Section 17602(e)(1) provides that "[t]he requirements of this article shall apply only prior to the completion of the initial order for the automatic renewal or continuous service, except . . . [t]he requirement in paragraph (3) of subdivision (a) may be fulfilled after completion of the initial order." Cal. Bus. & Prof. Code § 17602(e)(1). About a month before her

subscription automatically renewed, Hall received the postcard notice reminding her of the upcoming renewal date, disclosing the new rate, and informing her how to cancel the subscription. The postcard notice meets the "clear and conspicuous" requirement of Section 17602(d); its content is in a reasonable font size, and the label "**Important Advance Notice For Subscribers**" is bolded and in larger font size than its surrounding text.

Hall has failed to plausibly allege any substantive claims that would violate the ARL. The district court properly dismissed Hall's amended complaint in its entirety.

**AFFIRMED.**